AUGUSTUS DANIELS vs. HENRY A. CLARKE & trustees.

Worcester.    October 3, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Attachment,* By supplementary process.    *Trustee Process.    Jurisdiction.*

No attachment by special precept under R. L. c. 167, § 80, can be made by trustee process unless one of the persons summoned as trustees dwells or has his usual place of business in the county where the action is pending, as required by R. L. c. 189, § 2.

RUGG, J. This is an action of contract commenced in the Superior Court for the county of Worcester. The plaintiff is described as of Southbridge in the county of Worcester, and the defendant as of Boston in the county of Suffolk. While the action was pending the plaintiff filed a motion, representing that no attachment was made of property of the defendant upon the original writ, and alleging that there were funds due to the defendant from S. D. Loring of Newton, in the county of Middlesex, and Homer Loring of Brookline, in the county of Norfolk, doing business as S. D. Loring and Son at Boston, in the county of Suffolk. Upon this motion a special precept issued, directing the attachment of funds in the hands of S. D. Loring and Son by trustee process. Within the time allowed for appearance to the special precept, said Lorings appeared, and moved to dismiss the special precept, on the ground that neither of the trustees lived or had his usual place of business in Worcester county. Upon this motion judgment was rendered for the trustees against the plaintiff, from which the plaintiff appealed.

The special precept was issued by virtue of the authority conferred by R. L. c. 167, § 80, which, so far as material to this case, provides that " At any time during the pendency of an action, . . . upon the commencement of which an arrest or attachment is authorized by law, the court . . . may . . . order such arrest of the defendant or such attachment of his property by the trustee process or otherwise to secure the judgment . . . which the plaintiff may obtain in said cause. . . . Such . . .

attachment shall be subject to all the provisions of law relative to . . . attachment upon mesne process, so far as applicable." This language plainly permits an attachment to be made during the pendency of an action only of a like kind as the law authorized to be made at its commencement. The word "such" wherever it occurs in this section can have no force or effect unless it refers to the "arrest or attachment" first mentioned in the same section; and the scope of the words as there used is clearly limited to what the law authorized at the "commencement" of the action. But the only attachment by trustee process, which can legally be made at the commencement of an action in the Superior Court, is upon a writ returnable in the county where one or all of the trustees dwell or have their usual place of business. R. L. c. 189, § 2. It is contrary to the letter, as well as the spirit of the statute, to permit a court to obtain jurisdiction of parties in trustee process under the mask of a special precept, which it cannot acquire directly at the time the action is instituted. As the supplementary process in this action was not returnable in a county in which either or both of the trustees dwelt or had his usual place of business, the motion to dismiss was well founded. *Hooper* v. *Jellison*, 22 Pick. 250. *Lewis* v. *Denney*, 4 Cush. 588.

*Judgment affirmed.*

*J. M. Cochran*, for the plaintiff.
*J. Bennett*, for the trustees.

